```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


Shawn Pontbriand,                 :
        Petitioner,               :
                                  :
    v.                            :     File No. 1:06-CV-23
                                  :
Robert Hoffman,                   :
Commissioner, Vermont             :
Department of Corrections,        :
        Respondent.               :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
             (Papers 5 and 7)

Shawn Pontbriand, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pontbriand reports that he is currently in custody awaiting trial on state criminal charges.  His § 2254 petition claims that prior to his arrest, police interviewed and elicited statements from him in violation of his constitutional rights.  Pontbriand's attorney moved to suppress the statements, and the trial court granted the motion.  On interlocutory appeal, the Vermont Supreme Court reversed the trial court's decision.  Pontbriand now asks this Court to review the suppression issue.

The respondent has moved to dismiss for lack of jurisdiction, arguing that Pontbriand is not "in custody"

for purposes of § 2254, and that he has not exhausted his state court remedies.  As set forth below, and notwithstanding the respondents' arguments, this Court should abstain from interfering with an on-going state court criminal proceeding.  Accordingly, I recommend that the motion to dismiss (Paper 7) be GRANTED and the petition (Paper 5) be DISMISSED without prejudice.

## Factual Background

Pontbriand alleges that he is being detained pending trial in state court on charges of aggravated sexual assault and lewd and lacivious conduct with a child.  In May, 2002, police began investigating his relationship with the minor daughters of his girlfriend.  As part of their investigation, police interviewed Pontbriand while he was hospitalized in Burlington.  Pontbriand had collapsed that same day, was initially diagnosed with dehydration and later with cancer.

In the course of the hospital interview, the police confronted Pontbriand with an allegedly incriminating e-mail.  Initially, Pontbriand stated that he wanted to talk to a lawyer.  Later in the interview, however, he made incriminating statements.  On May 13, 2003,

Pontbriand's attorney moved to suppress the statements made during the hospital interview. The trial court granted the motion, and the State filed an interlocutory appeal. On February 18, 2005, the Vermont Supreme Court, in a 3-2 decision, reversed the trial court's ruling. (Paper 6-3).

On January 30, 2006, Pontbriand filed the instant habeas corpus petition seeking "relief from Judgment Order on Interlocutory Appeal." (Paper 5-1 at 2). Specifically, Pontbriand requests "a more clear and concise decision on the federal laws being questioned." Id. at 5. Pontbriand also informs the Court that "[n]ew information has recently come to light during depositions which also raises questions about the officer's intentions and level of honesty." Id. at 1.

The State has moved to dismiss the petition, arguing that because Pontbriand is a pre-trial detainee, he is (1) not "in custody" as required by § 2254, and (2) has not exhausted his state court remedies. There is no indication in the record that, to date, Pontbriand has been either tried or sentenced in state court, or that he has directly appealed a conviction.

Discussion

Section 2254 states that a petitioner must be "in custody pursuant to a judgment of the State court." 28 U.S.C. § 2254. The respondent argues that because Pontbriand has not been convicted or sentenced in state court, there is no "judgment" for purposes of § 2254. In Braden v. 30 Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-93 (1972), the Supreme Court recognized the right of a pretrial detainee to commence a federal habeas petition. In fact, several courts have determined that § 2241, which requires only that the defendant be "in custody in violation of the Constitution or laws or treaties of the United States," is an appropriate habeas vehicle in such cases. See, e.g., Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998); cf. Davis v. Lansing, 851 F.2d 72, 74 n.1 (2d Cir. 1988).

Here, Pontbriand's petition could be read as alleging that his detention, if based solely upon the incriminating statements that were the subject of his suppression motion, violates his constitutional rights. See Davis, 851 F.2d at 74 n.1. Accordingly, the Court

4

could recharacterize Pontbriand's filing as a § 2241 petition.  Recharacterization is not necessary, however, if the Court adopts my recommendation and dismisses Pontbriand's petition without prejudice on grounds of abstention.[1]  The Court should, however, decline to dismiss on the basis of Pontbriand's pre-trial status.[2]

With respect to the exhaustion question, Pontbriand argues that he has been to the state's highest court, and that his remedies are, therefore, exhausted.  He also argues that there is new evidence to be considered.  As

---

[1] Dismissal without prejudice will not jeopardize Pontbriand's ability to bring a properly-filed habeas petition in the future.  See Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (motion will be regarded as second and successive if previous petition challenged same conviction or sentence and was adjudicated on the merits or dismissed with prejudice); Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996) ("When a petition is dismissed without prejudice . . . there is no federal adjudication on the merits.  To foreclose further habeas review in such cases would not curb abuses of the writ, but rather would bar federal habeas review altogether.").

[2] The respondent's custody argument is not entirely without support.  In her concurring opinion in Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 337 (1984), Justice O'Connor stated:

> Federal habeas jurisdiction plainly does not attach merely because a state criminal defendant, whose freedom to come and go as he pleases is limited in some way in connection with a criminal proceeding, has exhausted state interlocutory review of a particular federal claim.  Federal habeas jurisdiction is absent because "custody" in connection with an ongoing trial is usually not "in violation of the Constitution or laws or treaties of the United States, " 28 U.S.C. § 2241(c)(3), 2254(a), even when the proceedings themselves or the underlying charge are constitutionally defective.  Most constitutional rights exist to protect a criminal defendant from conviction – not from the process of trial itself.

(Acknowledging exception for double jeopardy claim).  Because I am recommending abstention, the Court need not determine whether Pontbriand's petition would be appropriate under § 2241.

discussed below, principles of comity suggest that the state courts should be the first to consider such new evidence, and to reconsider their determinations if appropriate.  In any event, where a pre-judgment habeas petition is brought by a state court defendant, it is "most efficient to disregard non-exhaustion and reach the merits of the dispositive abstention issue."  Davis, 851 F.2d at 76.  The Court therefore turns to the question of abstention.

Interests of federalism and comity stand behind the "fundamental policy against federal interference with state criminal prosecutions."  Younger v. Harris, 401 U.S. 37, 46 (1971).  In Younger, the Supreme Court held that principles of federalism, comity and equity require federal courts to abstain from enjoining ongoing state court criminal proceedings, except in specific and very narrow circumstances.  Id. at 45.  Younger abstention is appropriate when (1) there is a state court proceeding pending at the time of the commencement of the federal litigation; (2) an important state interest is implicated; and (3) "the plaintiff has an avenue open for review of constitutional claims in state court."  Hansel

v. Town Court for the Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995).  The Younger abstention doctrine applies both to injunctive and declaratory relief. Samuels v. Mackell, 401 U.S. 66, 73-74 (1977).

All three of these requirements are met in this case.  Pontbriand's criminal proceeding was pending in state court when he filed his habeas petition.  With respect to the second requirement, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."  Hansel, 56 F.3d at 363 (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  As to the third requirement, it is clear that Pontbriand may submit federal constitutional claims in the course of his state court proceeding.  It is also clear that he has presented those claims at least once to Vermont's highest court.  Nonetheless, Pontbriand alleges that the facts have changed since that time, and that subsequent police testimony may impact the suppression issue.

Vermont law allows courts to reconsider their orders and judgments based upon newly discovered evidence.  See State v. Tongue, 170 Vt. 409, 414 (2000) (trial court has

broad discretion in deciding whether to reopen evidence in connection with a criminal pretrial motion). It would, therefore, be inappropriate for the Court to consider this evidence before the Vermont courts have been allowed an opportunity to review it themselves. See Davis, 851 F.2d at 77 ("Unless Younger otherwise supports such drastic intervention, and it does not, principles of comity oblige the federal court to stay its hand.").

"Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of bad faith, harassment or other unusual circumstance that would call for equitable relief." Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). In this case, there is no suggestion that any of these exceptions apply. Pontbriand claims only that the Vermont Supreme Court's decision was erroneous, and that new evidence merits an additional review. He does not claim bad faith, harassment or any other "unusual" or "extraordinary" circumstance that would call for federal court interference with his state court criminal proceeding. See Younger, 401 U.S. at 45; Davis, 851 F.2d at 77 ("The

burden of defending a criminal prosecution is, of course, insufficient without more to constitute irreparable harm.").

What Pontbriand seeks is essentially an interlocutory habeas review of a state court decision on a pretrial motion, including review of additional evidence that was not presented in the state courts. If the Court were to undertake such a review and grant Pontbriand's petition, it is not clear what relief the Court could grant other than to declare that the Vermont Supreme Court's decision was erroneous. The Supreme Court has made clear, as noted above, that Younger abstention applies to cases seeking a declaratory judgment. Samuels v. Mackell, 401 U.S. 66, 72 (1971).

> This is true [because] . . . after a declaratory judgment is issued the district court may enforce it by granting '(f)urther necessary or proper relief' [citing Declaratory Judgment Act], and therefore a declaratory judgment issued while state proceedings are pending might serve as the basis for a subsequent injunction against those proceedings . . . and thus result in a clearly improper interference with the state proceedings.

Id. Consequently, this Court should abstain from issuing any such declaratory relief, and should dismiss Pontbriand's petition without prejudice.

9

Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 7) be GRANTED and Pontbriand's § 2254 petition (Paper 5) be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 9th day of August, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).